IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NAVIGATORS INSURANCE COMPANY,

    Plaintiff,

  v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

_____/

No. C 11-2601 CW

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT
(Docket No. 24)

    Defendant Union Pacific Railroad Company seeks leave to file a third-party complaint against Third-Party Defendant Pine Ridge Farms (PRF). Plaintiff Navigators Insurance Company opposes Defendant's motion. The Court took Defendant's motion under submission on the papers. Having considered the papers filed by the parties, the Court GRANTS Defendant's motion.

## BACKGROUND

    Plaintiff instituted the underlying action on May 4, 2011 in the Alameda County Superior Court. In its complaint, Plaintiff alleges that it is the insurer of a shipment of cargo of frozen pork received and transported by Defendant in July 2010. Defendant purportedly agreed to maintain the cargo at -10°F during carriage and to deliver the cargo in the same good order, condition and quantity as when received. Defendant allegedly delivered the cargo in a damaged condition, which depreciated the value of the cargo by $100,187.81, including mitigation expenses. Plaintiff made payment to PRF, the cargo owners and shippers, under the terms of its insurance policy with PRF and seeks reimbursement from Defendant.

Defendant removed the case to federal court on June 1, 2011. A case management conference was held on November 22, 2011, and the Court subsequently entered a case management order setting January 17, 2012 as the deadline to add additional parties or claims and February 1, 2012 as the fact discovery deadline.

Defendant filed the present motion seeking leave to file a third-party complaint on December 21, 2011 and noticed it for hearing on January 26, 2012. In its proposed filing, Defendant seeks to assert claims for breach of contract, breach of express duty to indemnify and declaratory relief against PRF. Defendant alleges that it had a contract with PRF that specified that PRF had a duty to load the cargo properly onto the railcar and that this contract required PRF to indemnify Defendant for losses relating to damages stemming from the failure of PRF, including its agents, to do so.

## LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a) provides for liberal allowance of amendments to pleadings. Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D. Cal. 1989) (citing Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether

2

the party has previously amended the pleadings.  <u>Ahlmeyer v. Nev. Sys. of Higher Educ.</u>, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

If a party seeks to amend the pleadings after the deadline to do so as established by a case management order, Rule 16(b) applies.  Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Pro. 16(b).

## DISCUSSION

The parties dispute whether the scheduling order set January 17, 2012 as the date by which Defendant's motion had to be filed or the date by which it had to be heard, and thus whether the motion is governed by Rule 15 or Rule 16.  Even if the minute order were read to require that a hearing take place before January 17, 2012, Defendant noticed the motion for a hearing less than ten days later.  Further, this Court determined that the parties' briefing, which was completed on January 9, 2012, was sufficient to decide this motion, and took it under submission on the papers.  Thus, any delay beyond January 17, 2012 was minimal, and the Court will consider the motion under Rule 15.

Plaintiff argues that Defendant has unduly delayed in filing its motion, because Defendant knew of the contractual terms of the agreement between Defendant and PRF prior to the inception of this action.  Defendant states that it waited to file a complaint against PRF until its expert had reviewed relevant documents received in discovery and advised Defendant that it had a claim against PRF based on the improper loading practices of PRF's designated agent.  Plaintiff provides no argument or evidence that Defendant knew or should have known of PRF's agent's improper

3

loading practices, which are central to its third-party complaint. Thus, Plaintiff has not shown undue delay by Defendant.

Plaintiff also asserts that it and PRF are prejudiced by Defendant's delay in filing this motion.  Plaintiff argues that, for PRF to be able to defend the case adequately, the discovery deadline and other upcoming deadlines will have to be continued, and that PRF may re-take certain Rule 30(b)(6) depositions, leading to duplication of effort and expense.  Prejudice to PRF is a proper subject for consideration in connection with Defendant's motion.  See Howey v. United States, 481 F.2d 1187, 1190-1191 (9th Cir. 1973) (considering prejudice to the proposed third-party defendant when evaluating whether to grant leave to file third-party complaint).  PRF has had ample notice of this litigation and the claims made and has participated in the discovery process and, while the fact discovery deadline may need to be extended, it is not clear that filing of the third-party complaint will adversely impact other case deadlines.  Further, only one Rule 30(b)(6) deposition has been noticed thus far.  The Court finds that any prejudice to the parties from the possible adjustment of case management deadlines or limited duplicative discovery is outweighed by the additional time and expense that would ensue if Defendant filed a new lawsuit against PRF arising out of the same events at issue here.

Finally, Plaintiff argues that Defendant would not be benefited by filing the third-party complaint, because Plaintiff, as PRF's subrogated insurer, stands in PRF's shoes for the purposes of this case, and that Defendant may assert the defenses it would have against PRF against Plaintiff in PRF's stead.  Thus,

4

Plaintiff claims that Defendant's motion is intended to create trouble between PRF and Plaintiff, increase litigation costs, and to pressure Plaintiff to settle.  However, Plaintiff speculates as to Defendant's motivations and provides no evidence of bad faith. Further, Defendant points out that it is benefited by filing the third-party complaint, because it may not directly sue Plaintiff to enforce its indemnity agreement with PRF without first obtaining judgment against PRF.  Accordingly, Plaintiff has not demonstrated that Defendant has filed this motion in bad faith.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion for leave to file a third-party complaint (Docket No. 24). Defendant shall file it forthwith and serve it as soon as possible.

IT IS SO ORDERED.

Dated: 2/1/2012

CLAUDIA WILKEN
United States District Judge